[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: — 16 September 1981 DATE OF APPLICATION: — 16 September 1981 DATE APPLICATION FILED: — 29 September 1981 DATE OF DECISION: — 24 January 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Tolland at Tolland, Docket #JDT-CR19-15556 (4768).
James Shanley, Jr., Esq., for the Petitioner.
Patricia Swords, Esq., for the State of Conn.
BY THE DIVISION
The petitioner entered pleas of nolo contendere to a count of Kidnapping First in violation of Conn. Gen. Stat. § 53a-92(a)(2)(B); Robbery in the First Degree in violation of § 53a-134(a)(2); and Attempted Assault in the First Degree in violation of Conn. Gen. Stat. in violation of § 53a-59(a)(1). The court imposed a sentence of twenty-five years to serve on CT Page 2258 the kidnapping count, ten years to serve on the Robbery count and ten years to serve on the Attempted Assault count. All time was to be served concurrently for a total effective sentence of twenty-five years to serve. However, the time imposed in Connecticut was consecutive to a sentence the petitioner received in Florida.
The record indicates that the petitioner escaped from the Connecticut Correctional Institution on May 27, 1981. On June 8, 1981, he held up the Savings Bank of Manchester and stole $9,319.19. While making his escape he encountered a State Trooper, putting a gun to his head and stealing his police cruiser. On July 15, 1981, the petitioner robbed the Farmington Savings Bank. When making his escape he exchanged gun fire with a Farmington Police Officer; stole an automobile and kidnapped a customer in an attempt to get away. Shortly afterward the victim was found shot in the neck, and the petitioner was captured by the Farmington Police Department.
Counsel for the petitioner wanted the Division to reduce the petitioner's sentence as he felt it was too high. The petitioner indicated that he is not the same person now as he was during his crime spree. He indicated that he was not proud of his conduct, noting that he screwed up. The petitioner asked for mercy and would appreciate some consideration by the panel.
The attorney for the State notes that the petitioner escaped from Somers and that when he was captured his partner was shot dead by the police during the armed Robbery. She noted the petitioner had an extensive criminal record and that all of his criminal activity were serious resulting in the loss of life and property. Counsel felt that the sentences were necessary to protect society from the petitioner and argued that the sentences imposed were very appropriate for the crimes committed. She asked the panel to affirm the sentences.
In reviewing the sentences of the trial court we must compare it to the criteria set out in Practice Book § 942. Here, the petitioner had a solid history of severe and dangerous criminal acts. In the cases subject to our review, he held up banks, shot at police officers, kidnapped a citizen just going about life and had a partner in crime shot to death. The court at the time of sentencing looked at his CT Page 2259 Florida record and found similar serious criminal activity. In reviewing the sentence imposed, we cannot find it to be either disproportionate nor inappropriate. At the time of his sentencing the court felt a removal of the petitioner from society was necessary for its own protection. Although time may have brought insight to the petitioner, the sentence imposed by the Court was justified at the time of imposition.
IT IS AFFIRMED.
Norko, J.
Purtill, J.
Stanley, J.
Norko, J., Purtill J., and Stanley, J., participated in this decision.